| | | |
|---|---|---|
| STANLEY TATE,<br>4005 Bullitt Neck Road<br>Marbury, Maryland  20658, | * | IN THE |
| | * | UNITED STATES DISTRICT COURT |
| and | * | FOR THE |
| SANDRA TATE,<br>4005 Bullitt Neck Road<br>Marbury, Maryland  20658, | * | DISTRICT OF MARYLAND |
| | * | (SOUTHERN DIVISION) |
| Plaintiffs, | * | |
| v. | * | |
| JOEL SEWCHAND, M.D.,<br>13855 Waverly Point Road<br>Newburg, Maryland  20664, | * | Civil Action No. _____ |
| | * | |
| and | * | |
| JOEL SEWCHAND, M.D., P.C.<br>118 LaGrange Avenue<br>La Plata, Maryland  20646, | * | |
| | * | |
| SERVE ON:<br>    Joel Sewchand, M.D., Resident Agent<br>    13855 Waverly Point Road<br>    Newburg, Maryland  20664, | * | |
| | * | |
| | * | |
| and | * | |
| ARNEL C. CASTRENCE, M.D.<br>3227 Nobility Court<br>Waldorf, Maryland  20603, | * | |
| | * | |
| and | * | |
| MARYLAND HEALTHCARE<br>ASSOCIATES, LLC<br>700 Old Line Centre, Suite 100<br>Waldorf, Maryland  20602, | * | |
| | * | |
| SERVE ON:<br>    Resagent, Inc.<br>    7 St. Paul Street, Ste. 1400<br>    Baltimore, Maryland  21202 | * | |

                                                  *

and

                                                  *

CIVISTA MEDICAL CENTER, INC.,
d/b/a the Civista Medical Center      *
701 East Charles Street
La Plata, Maryland 20646,          *

SERVE ON:                       *
      Florence Moran, Resident Agent
      Civista Health, Inc.            *
      701 East Charles Street
      P.O. Box 1070             *
      La Plata, Maryland 20646
                                  *

      Defendants.
\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT

Stanley Tate and Sandra Tate, Plaintiffs, by and through their undersigned attorneys, Stephen J. Hughes and Pope and Hughes, P.A., sue Joel Sewchand, M.D., Joel Sewchand M.D., P.C., Arnel C. Castrence, M.D., Maryland Healthcare Associates, LLC, and Civista Medical Center, Inc., d/b/a the Civista Medical Center, and in support thereof, state:

## JURISDICTION AND VENUE

1.     Claimants Stanley Tate and Sandra Tate are citizens and residents of the State of Virginia, residing at 2204 Ridge Road, SE, Roanoke, Virginia 24104, and, at all times relevant hereto, were husband and wife.

2.     Joel Sewchand, M.D. ("Dr. Sewchand") is, on information and belief, a citizen and resident of Charles County, Maryland, who regularly transacts business and provides medical care and treatment to patients in Charles County, Maryland, and at all times relevant hereto, was an agent, servant and employee of Joel Sewchand, M.D., P.C.

2

3.      Joel Sewchand, M.D., P.C. is a corporation organized and operating under the laws of the State of Maryland and was, at all relevant times hereto, a Health Care Provider which, by its agents, servants, and employees, both actual and/or apparent, rendered medical care to citizens of Charles County in the State of Maryland.  It was also the actual and apparent employer of Dr. Sewchand.

4.      Arnel C. Castrence, M.D. ("Dr. Castrence") is, on information and belief, a citizen and resident of Charles County, Maryland, who regularly transacts business and provides medical care and treatment in Charles County, Maryland and at all times relevant hereto, was an agent, servant and employee of Maryland Healthcare Associates, LLC.

5.      Maryland Healthcare Associates, LLC ("MHA") is a corporation organized and operating under the laws of the State of Maryland and was, at all relevant times hereto, a Health Care Provider which, by its agents, servants, and employees, both actual and apparent, regularly rendered medical services to citizens of Charles County and the State of Maryland. Further, at all times relevant hereto, MHA was the actual and apparent employer of Dr. Castrence.

6.      Civista Medical Center, Inc. ("Civista") is a corporation organized and operating under the laws of the State of Maryland and, at all relevant times hereto, by its agents, servants, and employees, both actual and apparent, operated the hospital facility known as the Civista Medical Center in La Plata, Charles County, Maryland (the "Hospital"). Civista regularly transacts business and provides medical care and treatment in and around Charles County, Maryland.

7.      This Court has original subject matter jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332, because the amount in controversy exceeds the sum of

3

$75,000, exclusive of interest and costs, and the action is between citizens of different states. There is complete diversity of citizenship.

      8.     This action was filed before the Health Care Alternative Dispute Resolution Office of Maryland on July 1, 2009, at which time a Claim Form, Personal Information Certification, Statement of Claim, Certificate of Merit and attached Report of Richard M. Dwoskin, M.D., Certificate of Merit and attached Report of Jonathan Klein, M.D., and Notice of Claimant's Election to Waive Arbitration were filed with the HCADRO. On July 6, 2009, the Director of the HCADRO, Harry L. Chase, entered an Order of Transfer, transferring this case (hca No.: 2009-327) to the United States District Court for the District of Maryland, Southern Division. Copies of these document are attached hereto collectively as Exhibit 1.

## FACTS COMMON TO ALL COUNTS

      9.     At all times relevant hereto, Defendants Sewchand, Castrence, and the Hospital held themselves out to the public at large, and to the Claimants in particular as capable of providing specialized medical care to citizens and residents of Charles County and the State of Maryland.

      10.    In or about July 4th, 2006, Plaintiff Stanley Tate presented to the Hospital complaining of severe constipation, abdominal distension and bloating.

      11.    During the course of the hospitalization, Mr. Tate came under the care of Dr. Sewchand, a gastroenterologist, and Dr. Castrence, an internal medicine specialist.

      12.    Diagnostic testing conducted during the course of the hospitalization, including a colonoscopy performed by Dr. Sewchand, revealed that Mr. Tate suffered from a bowel impaction. Dr. Sewchand ordered a barium enema in order to more accurately diagnose Mr. Tate's condition and in an attempt to dislodge the impaction.

13.     The barium enema was performed on or about July 7, 2006 and confirmed the presence of the impaction.

14.     Following the performance of the barium enema, Mr. Tate was discharged from the hospital by Drs. Sewchand and Castrence, who advised the Plaintiffs the impaction had been cleared. Mr. Tate was advised to follow up with Dr. Sewchand to schedule a second colonoscopy to reinspect the condition of his colon.

15.     In the days following his discharge from the hospital, Mr. Tate continued to suffer from abdominal distension and severe pain. He was unable to eat any significant amount.

16.     Pursuant to the instructions he had received upon discharge, Mr. Tate contacted Dr. Sewchand's office and made a follow-up appointment for the first available date, which was July 11, 2006.

17.     On July 11, 2006, Mr. Tate he appeared at Dr. Sewchand's office with continued complaints of constipation. He was given a prep kit which he was advised by Dr. Sewchand to use in anticipation of a follow-up colonoscopy, which Dr. Sewchand scheduled for July 13, 2006.

18.     On July 12, 2006, pursuant to instructions received from Dr. Sewchand, Mr. Tate administered the contents of the prep kit. Shortly thereafter, he developed severe abdominal cramping and stabbing pains. The pain was so severe that he was unable to stand upright, and he asked his wife to take him to the Hospital.

19.     While sitting in the emergency department of the Hospital waiting to be seen, Mr. Tate experienced extreme pain and then a "splashing" sensation in his abdomen, as he felt his colon rupture. Subsequent investigation revealed that the fecal impaction which had been

detected during the earlier hospitalization had, in fact, not been cleared and Mr. Tate had been discharged with an obstructed colon, which eventually ruptured.

20.      As a consequence of the rupture of his colon previously described, Mr. Tate developed peritonitis requiring multiple additional surgeries, extensive scarring and adhesions which persist to this day and which impair his ability to work and to engage in the activities he previously enjoyed.

## COUNT I
## NEGLIGENCE
## (DRS. SEWCHAND AND CASTRENCE)

21.      The facts and matters alleged in Paragraphs 1 through 20 above, are repeated and realleged as if fully set forth herein.

22.      As Health Care Providers rendering services to patients in the State of Maryland, Drs. Sewchand and Castrence owed to the public at large and to Mr. Tate in particular a duty to exercise that degree of care and skill ordinarily exercised by reasonably competent practitioners within their area of specialty acting under the same or similar circumstances.

23.      The Health Care Providers breached the applicable standards of care in the treatment of Mr. Tate in that they failed to use due care in interpreting the results of diagnostic testing procedures and in concluding that Mr. Tate's fecal impaction had passed when, in fact, this was not the case, and in communicating this false information to the Plaintiffs.  They also departed from applicable standards of care in discharging Mr. Tate prior to resolving the impaction which had been confirmed by diagnostic testing.  Dr. Sewchand further departed from applicable standards of care in failing to detect, at the time of his follow-up visit with Mr. Tate on July 11, 2006, the continued presence of a fecal impaction,

and in giving Mr. Tate a colonoscopy preparation kit which he knew or should have known was likely to cause a medical emergency if administered in accordance with the accompanying instructions, in light of Mr. Tate's continued bowel obstruction.

24.    As a direct result of the negligence of Drs. Sewchand and Castrence as described herein, Mr. Tate experienced a ruptured colon, peritonitis, extended hospitalizations, required multiple surgeries and was caused to suffer extreme pain, mental anguish, embarrassment, humiliation, permanent disfigurement and other economic and non-economic damages, including past and future medical expenses, without any negligence on his part contributing thereto.

WHEREFORE, Stanley Tate, Plaintiff, demands judgment against Joel Sewchand, M.D. and Arnel Castrence, M.D. for all injuries and damages which he has suffered as a proximate result of the negligence of these Defendants, as aforesaid.

## COUNT II
## INFORMED CONSENT
### (DR. SEWCHAND)

25.    The facts and matters alleged in Paragraphs 1 through 24 above, are repeated and realleged as if fully set forth herein.

26.    As a physician rendering care to Mr. Tate, Dr. Sewchand owed to Mr. Tate a duty to obtain his proper informed consent to any contemplated procedure by apprising Mr. Tate of the risks, benefits, potential complications and reasonable alternatives to the proposed procedure.

27.    Dr. Sewchand failed to disclose to Mr. Tate all of those risks, complications and alternatives to treatment that a reasonably prudent patient in the position of Mr. Tate

would consider material in making a decision as to whether or not to submit to a follow-up colonoscopy and administration of the required preparation kit.

28.     By failing to do so, Dr. Sewchand failed to obtain Mr. Tate's proper informed consent.

29.     As a direct and proximate result of the failure of Dr. Sewchand to obtain Mr. Tate's proper informed consent, Mr. Tate was caused to sustain severe injuries, including a ruptured bowel, accompanied by extreme pain, limitation of activities, mental anguish, embarrassment, humiliation, medical expenses past and future, and other injuries, without any negligence on his part contributing thereto.

WHEREFORE, Stanley Tate, Plaintiff, requests the entry of judgment against Joel Sewchand, M.D. for all injuries and damages which he has sustained as a consequence of the Defendant's failure to obtain his proper informed consent.

## COUNT III
## (VICARIOUS LIABILITY)
## (CIVISTA MEDICAL CENTER)

30.     The facts and matters alleged in Paragraphs 1 through 29 above, are repeated and realleged as if fully set forth herein.

31.     Drs. Sewchand and Castrence were, at all times relevant hereto, the actual or apparent agents of the Civista Medical Center, acting within the scope of their employment.

32.     The Civista Medical Center, Inc. is vicariously liable for the negligent conduct of its actual and apparent agents, servants, and employees committed while acting within the scope of their employment.

33.     The Civista Medical Center, Inc. d/b/a Civista Medical Center is therefore vicariously liable for the negligence of Drs. Sewchand and Castrence as aforesaid, in connection with their care and treatment of the Plaintiff, Stanley Tate.

WHEREFORE, Stanley Tate, Plaintiff, demands judgment against the Civista Medical Center, Inc. d/b/a the Civista Medial Center for all injuries and damages which he has sustained as a consequence of the negligence of its actual and/or apparent agents, servants, and employees as aforesaid.

## COUNT IV
## (VICARIOUS LIABILITY)
### (JOEL SEWCHAND, M.D., P.C.)

34.     The facts and matters alleged in Paragraphs 1 through 33 above, are repeated and realleged as if fully set forth herein.

35.     Dr. Sewchand was, at all times relevant hereto, the actual or apparent agent of the Joel Sewchand, M.D., P.C., acting within the scope of his employment.

36.     The P.C. is vicariously liable for the negligent conduct of its actual and apparent agents, servants, and employees committed while acting within the scope of their employment.

37.     The P.C. is therefore vicariously liable for the negligence of Dr. Sewchand as aforesaid, in connection with the care and treatment rendered to Stanley Tate.

WHEREFORE, Stanley Tate, Plaintiff, demands judgment against Joel Sewchand, M.D., P.C. for all injuries and damages which he has sustained as a consequence of the negligence of its actual and/or apparent agents, servants, and employees as aforesaid.

## COUNT V
## (VICARIOUS LIABILITY)
## (MARYLAND HEALTHCARE ASSOCIATES, LLC)

38.     The facts and matters alleged in Paragraphs 1 through 38 are repeated and realleged as if fully set forth herein.

39.     Dr. Castrence was, at all times relevant hereto, the actual or apparent agent of Maryland Healthcare Associates, LLC., acting within the scope of his employment.

40.     MHA is vicariously liable for the negligent conduct of its actual and apparent agents, servants, and employees committed while acting within the scope of their employment.

41.     MHA is therefore vicariously liable for the negligence of Dr. Castrence as aforesaid, in connection with the care and treatment rendered to Stanley Tate.

WHEREFORE, Stanley Tate, Plaintiff, demands judgment against Maryland Healthcare Associates, LLC for all injuries and damages which he has sustained as a consequence of the negligence of its actual and/or apparent agents, servants, and employees as aforesaid.

## COUNT VI
## LOSS OF CONSORTIUM
## (ALL DEFENDANTS)

42.     The facts and matters alleged in Paragraphs 1 through 42 are repeated and realleged as if fully set forth herein.

43.     At all times relevant hereto, Claimants Stanley Tate and Sandra Tate were and are husband and wife.

44.     The negligent conduct of the Defendants, as previously described, caused injury to the marital relationship of Mr. and Mrs. Tate, including, but not limited to, a loss of

society, affection, assistance, and companionship as a consequence of Mr. Tate's pain and disability.

WHEREFORE, Stanley Tate and Sandra Tate, husband and wife, Plaintiffs, demand judgment against the Defendants for all injuries and damages to their marital relationship which they have sustained as a consequence of the negligence of these Defendants.

Respectfully submitted,

Stephen J. Hughes
Pope & Hughes, P.A.
29 W. Susquehanna Avenue, Suite 110
Towson, Maryland 21204
Tel:  (410) 494-7777

Attorneys for Plaintiffs